IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHEILA VENABLE     *
    *
    v.     *    Civil No. JFM-12-2406
    *
REBECCA M. BLANK, et al.     *
    *****

MEMORANDUM

      Plaintiff has brought this *pro se* action against Rebecca M. Blank, Stacy Chalmers and Darrell Disque, alleging violation of her First and Fifth amendment rights under the U.S. Constitution, negligence, defamation, and conspiracy to deprive her of her civil rights. Defendants have filed a motion to dismiss or for summary judgment. The motion will be treated as one to dismiss, and, as such, will be granted.

      The grounds for the dismissal may be briefly stated. Counts I and II, alleging violation of plaintiff's constitutional rights, are, in effect, asserted under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). They are barred by virtue of the fact that underlying plaintiff's claims is an employment dispute and in such a dispute a plaintiff's exclusive remedy is under the Civil Service Reform Act of 1978 ("CSRA"). *See Zimbelman v. Savage*, 228 F.3d 367, 370 (4th Cir. 2000).

      Count III, that asserts a claim for negligence, is barred because the CSRA provides an exclusive remedy for negligence claims arising from federal employment. Moreover, to the extent that plaintiff attempts to assert a claim under the Federal Tort Claims Act ("FTCA"), the claim is time-barred because plaintiff failed to file suit in this court within six months after the denials of her administrative tort claims against the Government.

Count IV (asserting a claim for defamation) is barred because defendants were acting under the scope of their employment and therefore plaintiff's claim must be deemed to have been asserted under the FTCA. As a FTCA claim, it is not cognizable because the United States has not waived its sovereign immunity under the FTCA for defamation claims. *See* 28 U.S.C. § 2680(h); *Shirvinski v. United States Coast Guard*, 673 F.3d 308, 316 (4th Cir. 2012). To the extent that plaintiff contends that the law enforcement proviso of the FTCA (28 U.S.C. § 2680(h)) "waives immunity whenever a law enforcement officer, acting within the scope of his employment, commits an intentional tort," the contention fails because (1) defendant Disque, who plaintiff alleges was employed "as an investigator" does not fall within the definition of "investigative or law enforcement officer" provided by 28 U.S.C. § 2680(h), and (2) defamation is not one of the torts for which sovereign immunity is waived under the "investigative or law enforcement officer" proviso of the FTCA.

Finally, Count V, which asserts a claim for conspiracy, fails to state a cognizable claim because "civil conspiracy cannot stand as an independent cause of action" and plaintiff has not stated a cognizable claim for any substantive tort. *See Fare Deals Ltd. v. World Choice Travel.Com, Inc.*, 180 F. Supp. 2d 678, 692 (D. Md. 2001).

A separate order effecting the ruling made in this memorandum is being entered herewith.


Date:   November 2, 2012          /s/
                                  J. Frederick Motz
                                  United States District Judge